THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PERFECTO ARROYO CORTÉS, Defendant and Appellant.

No. CR-71-62.    Decided December 21, 1971.

*José Veray, Jr.,* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Benicio Vélez Coello, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was accused and convicted of the offense of burglary in the first degree. He was charged with having entered, during the nighttime on the 12th to the 13th of July 1967, in the business known as "Latin Village" in Aguadilla.

The only error assigned was that the trial court erred in finding defendant guilty, despite the fact that the evidence presented by the prosecuting attorney was insufficient.

The evidence for the prosecution consisted in the testimony of witnesses Aníbal Martínez, the person in charge of the business, and policeman Juan H. Matías.

Policeman Juan H. Matías testified that on the early morning of the events, about one o'clock in the morning, he was going to San Antonio settlement towards Highway No. 2,

when he saw two persons in an alley near the "Latin Village," who were putting something inside a pickup truck, but he could not distinguish what they were putting into it. He entered the alley and when the two persons who were in the pickup truck became aware of his presence, they ran away into a sugarcane plantation. He could arrest the defendant, who remained inside the pickup truck in the driver's seat. Then he saw a bottleholder, a cabinet, and a table inside the pickup truck. He took defendant to the police station, where the latter told him that he had been hired for a moving and that the merchandise belonged to the persons who had removed it from "Latin Village." Later the policeman returned to the place where he had left the pickup truck and did not find it. He then located Aníbal Martínez, the person in charge of the premises of the business, and inspected the same. He testified having seen the same pickup truck three or four days before while defendant was driving it. The day after the events, he found the aforementioned pickup truck on another alley with part of the merchandise in it. When he found the pickup truck the bottleholder was not there, but a white refrigerator was under the table. He also testified that the provisional license of the pickup truck was issued in the name of defendant.

On cross-examination, to questions by the defense, he testified that on the night of the events defendant kept the door of the pickup truck open, but that he did not have the opportunity to escape.

Aníbal Martínez testified that he was the son-in-law of the owner of the burglarized building, and that he was in charge of the same because his father-in-law was in jail. He said that on July 12, 1967, during the afternoon hours, he went to inspect said building and found everything in order. During the early morning of the events he was sleeping when policeman Juan H. Matías came in search of him to accompany him to his father-in-law's building to "witness that several doors

had been broken and that certain events had occurred therein." Upon arriving at the building he found that in the bedroom on the second floor the lock on a door which had been locked in the afternoon had been broken, and upon entering through said door, which was open, he noticed that a refrigerator, a dining room table, a cabinet, a small tank for cooling beverages, and other miscellaneous articles, were missing. He stated also that the next day he was taken to the place where the pickup truck was found, in an alley, and there he identified the refrigerator, the table, and the cabinet which were missing from the bedroom of his father-in-law's building.

From the preceding summary there clearly appears that the evidence presented is sufficient to sustain the conviction. The corpus delicti was established. *People v. Hernández*, 75 P.R.R. 852 (1954).

■ We have repeatedly held that the illegal entry, as well as the existence of a specific intent to commit grand or petit larceny, are facts which may be established by circumstantial evidence, that is, they may be reasonably inferred from the facts as a whole and the circumstances proved. *People v. Rodríguez*, 91 P.R.R. 150 (1964); *People v. Juarbe*, 83 P.R.R. 719 (1961); *People v. Torres*, 81 P.R.R. 659 (1960).

■ Likewise we have held that where a burglary has been established or admitted, the possession by defendant of the articles stolen without his being able to account for such possession, believed by the trier of facts, and which is inconsistent with his probable guilt, or where defendant is unable to prove that those articles were licitly obtained, such possession not satisfactorily accounted for is a factor which tends to show with great weight defendant's guilt, and, coupled with the other circumstances of the case, may warrant the conviction. The possession required must be exclusive, but this does not mean exclusive of one person, but rather of those

who acted jointly. *People* v. *Pagán Medina*, 99 P.R.R. 731 (1971).

█ In *People* v. *Rodríguez, supra,* we pointed out that the inference of guilt, created by the possession of the stolen articles not accounted for, is strengthened by the circumstance of defendant's escape. Although the intent to escape in the case at bar was not clearly explained by the policeman, there are in this case circumstances which strengthen the inference of guilt, which were not present in *People* v. *Rodríguez, supra.* Said circumstances are the following: (1) the pickup truck where the stolen goods were belonged to defendant, (2) defendant was found in said pickup truck in front of the place where the stolen articles were missing, (3) at the time when policeman Matías arrived, two persons who were near the pickup truck fled away, and (4) particularly, the unusual time in the early morning when defendant was caught with the stolen merchandise. Such circumstances, together with the possession of the stolen articles not satisfactorily accounted for, are sufficient to sustain defendant's conviction.

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.